ORIGINAL

CC: All Counsel of Record

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 0 2006

at 3 o'clock and 00 p.m.
SUE BEITIA, CLERK

| | |
|---|---|
| WILLIAM ROBERT FIELDER, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 01-00608 MEA; LEK |
| NANCY MURPHY | ) |
| Defendants. | ) |

### MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff William Robert Fielder's Objections to the Special Master's Report on Plaintiff's Motion for Attorneys' Fees and Costs. For the following reasons, we deny plaintiff's objections and adopt the magistrate's findings and conclusions.

### I. BACKGROUND

Plaintiff William Robert Fielder filed a § 1983 action against Defendant Nancy Murphy alleging that Murphy (1) violated his First Amendment rights under color of state law; (2) maliciously and recklessly disregarded his rights; and (3) obtained a Temporary Restraining Order ("TRO") in retaliation for exercising his right to free speech and to deter him from criticizing her job performance. After two and a half days of trial, a jury found Murphy liable on two counts, but only awarded Fielder $7,200.00 for court costs and fees defending the TRO. We subsequently denied Murphy's renewed motion for judgment as a matter of law.

Fielder filed a motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d), and Hawaii Local Rule 54.3, seeking $314,667.36 in attorneys fees ($197,096.76 in fees for attorney Jack Schweigert, $115,806.65 in fees for attorney Rory Soares Toomey),[1] and $3690.05 in costs. Murphy submitted a memorandum opposing the motion ten days after Fielder served the statement of consultation. Murphy then objected to Fielder's bill of costs, which requested $2232.22 in taxable costs, eleven days after it was filed. We referred the motion and the bill of costs to Magistrate Judge Leslie E. Kobayashi.

On August 16, 2005, Judge Kobayashi submitted her report, which recommended that we grant in part and deny in part the motion as follows: award $156,306.40 in attorneys fees and $3582.05 in costs. Also, the court advised us to strike plaintiff's bill of costs without prejudice for failure to comply with the meet and confer requirement in Local Rule 54.2(c)).

II. ANALYSIS[2]

Judge Kobayashi found that Fielder was entitled to reasonable attorneys fees and costs under § 1988. (Rep. at 5.) The judge examined the attorneys' filings, the complexity of issues presented, and the relevant case law to determine a reasonable award.[3] Based on the parties' representations

---

[1] Since Fielder's motion contained numerous mathematical errors, the fees were recalculated using the time entries submitted by the attorneys. (Rep. at 2 n.2.)

[2] As a threshold matter, Murphy's memorandum in opposition to the instant motion is properly before us. Local Rule 54.3(f) provides that a party can file a memorandum opposing a motion for attorneys fees and costs "within eleven (11) days after service of the statement of consultation." Haw. L. R. 54.3(f). Fielder served the statement of consultation on April 19 and then Murphy filed her opposition memorandum on April 29. (Opp'n Obj. of Rep. at 3.)

[3] Judge Kobayashi explicitly identified all twelve factors outlined in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), in her Report and directly or indirectly applied the majority of those factors in calculating the award. *See Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) ("The court need not discuss each of the [*Kerr* factors], so long as it discusses those most relevant...").

and the prevailing rates for Hawaiian attorneys in similar cases, the judge determined that $250.00 and $200.00 were reasonable hourly rates for Schweigert and Toomey, respectively.[4] (Rep. at 9.) Hawaii courts previously awarded Schweigert $250.00 per hour under similar circumstances and he has more experience, especially in civil rights claims against the Division of Boating and Ocean Recreation, than Toomey.[5]

Next, the judge reduced the attorneys' hours because of duplicity, inclusion of ministerial or clerical work, and excessive billing. (*Id.* at 10-12.) Some examples of duplicity and excessive billing include: the plethora of conferences between plaintiff's attorneys, which unnecessarily inflated the hours; the extensive time expended for simple motions; the lack of novel or complex issues, evidenced by the short trial, which Toomey did not attend; the conflicts between the two attorneys' entries, and; Schweigert's use of block billing, which made it difficult to precisely assess his time. Judge Kobayashi also deducted the time Schweigert spent working on a separate matter for Fielder. (*Id.* at 15.) The judge did not reduce the attorneys' hours for time spent on the malicious prosecution claim, which was dropped, or Fielder's unsuccessful motion for summary judgment. (*Id.*) Ultimately, the judge found that Schweigert and Toomey should be compensated for 445.75 hours and 276.50 hours respectively. Viewing their submissions generously, we agree that the attorneys could possibly have expended as much as 722.25 hours in pursuing the claims.

Multiplying the reasonable hours by the reasonable rates, the lodestar award totals $173,673.78. However, we agree with Judge Kobayashi that a ten percent reduction is warranted

---

[4] Schweigert requested $300.00 per hour and Toomey requested $250.00 per hour.

[5] Toomey implicitly recognized the disparity in experience and skill because he initially requested a lower wage rate than Schweigert.

based on Fielder's limited success. "[T]he extent of plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933 (1983); *Morales v. City of San Rafael*, 96 F.3d 359, 362 (9th Cir. 1996) ("[I]t is an abuse of discretion for the district court to award attorney's fees without considering the relationship between the extent of success and the amount of the fee award") (quotations omitted). While we should not limit our assessment of a plaintiff's success to the amount of damages awarded, it is appropriate to reduce the lodestar award where "the relief, however significant is limited in comparison to the scope of litigation as a whole." *Hensley*, 461 U.S. at 440; *see also City of Riverside v. Rivera*, 477 U.S. 561, 574-75, 106 S. Ct. 2686 (1986).

The jury determined that Murphy violated Fielder's First Amendment right to free speech and retaliated against him by obtaining a TRO. However, the $7200.00 damages awarded were decidedly modest. Moreover, the jury rejected the punitive damages claim and refused to award general damages. (Rep. at 17-18.) Finally, Fielder's victory was limited in scope and degree. There were no public policy issues implicated in the verdict. Thus the jury's verdict did not further a broad public purpose. Therefore, imposing a ten percent reduction in attorneys fees is appropriate.

Turning to Fielder's request for costs, Judge Kobayashi recommended awarding the entire request except the witness and mileage fees for two unidentified witnesses. (Rep. at 20-23.) The judge also suggested that we strike the bill of costs without prejudice because Fielder failed to comply with Local Rule 54.2(c)'s meet and confer requirement.[6] (*Id.* at 26.)

---

[6] "[Local Rule] 54.2(c) specifically requires the party seeking costs to certify that he has tried in good faith to resolve the dispute with the other party." (*Id.* at 25.)

### III.  CONCLUSION

For the reasons discussed above, we deny Fielder's objections to the Special Master's Report on Plaintiff's Motion for Attorneys' Fees and Costs, adopt the magistrate's findings and conclusions, and enter judgment in the amount of $156,306.40 in attorneys fees and $3582.05 in costs. We also strike the bill of costs without prejudice and grant Fielder leave to file an amended bill of costs in compliance with Local Rule 54.2(c)) within fourteen days from entry of this order.

MARVIN E. ASPEN
United States District Judge

Dated: 1/20/06